IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jamal Qureshi; and | ) | |
| All Others Similarly Situated | ) | |
|     Plaintiffs, | ) | Civil Action |
| | ) | File No. |
| v. | ) | |
| | ) | |
| Sunny Jewanee; Cypresswood Fortune, Inc.; | ) | |
| Fallbrook Fortune, Inc.; Irvington Business, | ) | Jury Demanded |
| Inc.; Littleyork Enterprise, LLC; Louetta | ) | |
| Fortune, Inc.; South Post Oak Business, | ) | |
| L.L.C.; Suncroft Business, Inc.; and | ) | |
| Wallisville Enterprise, Inc. | ) | |
|     DEFENDANTS. | ) | |
| | ) | |

**PLAINTIFF'S ORIGINAL CLASS COMPLAINT**

NOW COMES PLAINTIFF, Jamal Qureshi, and all others similarly situated, and complain of Defendants Sunny Jewanee; Cypresswood Fortune, Inc.; Fallbrook Fortune, Inc.; Irvington Business, Inc.; Littleyork Enterprise, LLC; Louetta Fortune, Inc.; South Post Oak Business, L.L.C.; Suncroft Business, Inc.; and Wallisville Enterprise, Inc. (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendant Sunny Jewanee's willful failure to pay overtime wages to Jamal Qureshi ("Mr. Qureshi" or "Plaintiff"), and to all others similarly situated, in the course of their employment with Defendant Jewanee and his businesses.

1

## II.
## JURISDICTION AND VENUE

3. Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendant Jewanee pursuant to the FLSA, a federal statute.

4. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because each Defendant conducts business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Jamal Qureshi**, Plaintiff, is a resident of Fort Bend County, Texas.

8. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendant Sunny Jewanee who work, or have worked, at one or more of Defendant Jewanee's business establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **Sunny Jewanee,** is an individual who may be served with summons and complaint at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. Mr. Jewanee owns the named legal entity Defendants that in turn own and operate related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.[1] All of the businesses listed in Exhibit – A are either (a) convenience stores or (b) gasoline stations and convenience stores.

10. Defendant, **Cypresswood Fortune, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent,

---

[1] See attached Exhibit – A, a listing of Mr. Jewanee's businesses.

Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a gasoline station and convenience store operating as "Fuel Zone", at 6301 FM 1960, Humble, Texas 77338. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

11. Defendant, **Fallbrook Fortune, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a gasoline station and convenience store operating as "Fuel Zone", at 9531 Fallbrook Drive, Houston, Texas 77064. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

12. Defendant, **Irvington Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a convenience store operating as "Corner Food Mart", at 4634 Irvington Boulevard, Houston, Texas 77009. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

13. Defendant, **Littleyork Enterprise, LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with

Defendant Jewanee, owns and operates a gasoline station and convenience store operating as "New Era Food Store", at 7455 Little York Road, Houston, Texas 77016. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

14. Defendant, **Louetta Fortune, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a gasoline station and convenience store operating as "Fuel Zone", at 1950 Louetta Rd., Spring, Texas 77388. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

15. Defendant, **South Post Oak Business, L.L.C.,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a gasoline station and convenience store operating as "Post Oak Corner Store", at 13501 S. Post Oak, Houston, Texas 77045. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

16. Defendant, **Suncroft Business, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee,

owns and operates a convenience store operating as "Sunny Food Mart", at 9802 Hillcroft Street, Houston, Texas 77096. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

17. Defendant, **Wallisville Enterprise, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Sunny Jewanee, at his residence at 15414 Seminole Canyon Drive, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with Defendant Jewanee, owns and operates a convenience store operating as "Sunny Food Store", at 14530 Wallisville Road, Houston, Texas 77049. Pursuant to the FLSA, Mr. Jewanee and this Defendant are both employers of the individuals that work (or worked) for this Defendant.

18. The above eight (8) gasoline stations / convenience stores are all owned and operated by Defendant Jewanee. The Fifth Circuit has long held that when an individual owns and operates multiple locations of the same type of business, corporate fragmentation of the organization is disregarded for purposes of the FLSA. *See, Donovan v. Grim Hotel Co.,* 747 F.2d 966, 969-971, 1984 U.S. App. LEXIS 16251, *6-12, 102 Lab. Cas. (CCH) P34, 626, 26 Wage & Hour Cas. (BNA) 1647. Further, the Fifth Circuit holds that the FLSA's definition of employer is sufficiently broad to encompass an individual who effectively dominates the administration or otherwise acts, or has the power to act, on behalf of a corporation vis-a-vis its employees. *Reich v. Circle C Invs.*, 998 F.2d 324, 329, 1993 U.S. App. LEXIS 21570, *12, 1265 Lab. Cas. (CCH) P33,007, 26 Fed. R. Serv. 3d (Callaghan) 921.

19. Defendant Jewanee was Plaintiff Qureshi's employer, and the employer of each similarly situated individual who worked at the eight (8) gasoline stations / convenience stores.[2]

---

[2] Exhibit – A.

20. As the owner, director and president of each of these businesses, Defendant Jewanee effectively dominated the operation of these businesses, and had the sole authority to determine the pay policy affecting all employees of these businesses. *Id.*

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

21. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of judgment.

22. Defendant Sunny Jewanee was Plaintiff's 'employer' under the FLSA.

23. He was also the employer of each person who he has employed during the relevant period at each of his eight (8) gasoline stations / convenience stores.

24. Mr. Jewanee owns the named legal entity Defendants that in turn own and operate related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.[3]

25. The term 'employer' under the FLSA has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975). Defendant Jewanee and his companies fit this definition of joint employer.

26. Further, the U.S. Supreme Court has referred to the FLSA's definition of 'employer' as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657). Defendant Jewanee

---

[3] Exhibit – A.

fits within the U.S. Supreme Court's definition of 'employer'.

27. The Defendants together are an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants are an integrated enterprise and were collectively the employer of members of the Plaintiff Class.

28. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

29. The Defendants were subject to the requirements of the FLSA because both "enterprise" and "individual" based coverage existed during the relevant period.

30. Individual coverage exists because in dispensing his duties for Defendant Jewanee as a store clerk (i.e., including selling goods that had travelled in interstate commerce to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

31. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

32. Defendants have employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

33. In the course of owning and operating gasoline stations / convenience stores, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handle goods and materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.).

34. Defendants are thus "engaged in commerce" and have employees who worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

35. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants' enterprise had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

36. Defendants are an enterprise under 29 U.S.C. § 203(r)(1). Defendants collectively are engaged in related activities that are performed under the common control of Defendant Jewanee, for a common business purpose, irrespective of the fact that such related activities were at times performed by more than one corporate legal entity.[4]

37. Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class, and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that the Defendants are under common control of one individual. 29 C.F.R. § 791.2(b)(3).

38. The Defendants are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

39. The individual Defendant, Sunny Jewanee, owns and operate the named legal entity Defendants. He has complete control over the business establishments therein. He makes all decisions and has the ultimate authority to make all decisions relating to the wages paid to all gas

---

[4] Exhibit – A.

station / convenience store clerks he employed at the eight (8) businesses he owns.

40. Defendant Jewanee is the owner, director, and president (and registered agent) of the legal entity Defendants.[5] As such, these legal entity Defendants are under his common control.

41. As owner, director, and president of each legal entity Defendant, Mr. Jewanee possesses authority to set wage and overtime policies that are shared by all legal entity Defendants.

42. The overtime compensation policy Defendant Jewanee placed and implemented at each of the legal entity Defendants violated the overtime pay provisions of the FLSA.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

44. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

---

[5] Exhibit – A.

45. As such, class certification is appropriate as to all current and former employees of Defendant Jewanee because his business establishments are related, and Plaintiff offers substantial allegations and sufficient evidence in this regard.[6]

46. Plaintiff seeks notice to issue to all employees of the named Defendants who together were victims of Defendant Jewanee's widespread and identical violations of the FLSA, of paying his employees' overtime wages with cash at straight-time hourly rates.

47. This policy and practice violates the FLSA because it allows Defendant Jewanee not to pay his employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. § 207(a)(1).

48. By Defendant Jewanee's failure to document the proper hours and pay owed to members of the Plaintiff Class, the Defendants also committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. § 211(c); 29 C.F.R. § 516. 29; and C.F.R. § 516.27.

49. Defendant Jewanee jointly owns and operates the named legal entity Defendants, and he sets a uniform pay policy that is shared by all legal entity Defendants.

50. The common policy to pay straight-time rates for overtime hours is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

51. Members of the Plaintiff Class have collectively been victimized by Defendant Jewanee and the other Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

---

[6] See Exhibit – A.

52. As such, other similarly situated employees (i.e., gasoline station / convenience store clerks) were denied their lawful wages.

53. Plaintiff Qureshi's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of the alleged legal nexus binding them together as a class.

54. Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

55. All current and former gasoline station / convenience store clerks to whom Defendant Jewanee has denied overtime compensation for hours worked in excess of 40 in one or more workweek are similarly situated to Plaintiff and are thus appropriate members of the Plaintiff Class.

56. All current and former non-exempt employees employed by Defendant Jewanee's business establishments (all gasoline stations / convenience stores), who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

57. Thus, the class that Plaintiff Qureshi seeks to represent is of <u>all current and former employees the Defendants employed as gasoline station / convenience store clerks 1) who worked at any business establishment owned and/or operated by Defendant Jewanee that was owned, operated and / or acquired during the class period, and 2) who Defendant Jewanee failed to compensate at the proper hourly overtime rate</u>.

58. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VII.
## PLAINTIFF QURESHI'S EMPLOYMENT WITH DEFENDANT JEWANEE

59. Defendant Jewanee employed Plaintiff Qureshi from December 2013 until December 11, 2017, as a store clerk at his "Corner Food Mart" convenience store at 4634 Irvington Boulevard, Houston Texas 77009.

60. As a store clerk, Plaintiff performed duties that included operating the cash register, assisting customers with convenience store purchases, and upkeep and cleaning of the premises.

61. Defendant Jewanee promised to pay Plaintiff Qureshi $10.00 per hour.

62. Plaintiff typically worked 65 hours a week, and some weeks worked as many as 70 hours.

63. Defendant Jewanee failed to pay Plaintiff his overtime wages earned during each workweek of his employment, and Mr. Qureshi now sues for these unpaid overtime wages.

## VIII.
## CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

64. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

65. Plaintiff Qureshi and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

66. Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

67. Defendants also do not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned.

68. During his employment with Defendant Jewanee, Mr. Qureshi worked overtime on a weekly basis because he was required to work at least 65 hours a week.

69. Defendant Jewanee did not pay Plaintiff Qureshi overtime for the hours he worked in excess of 40 per week.

70. Because Mr. Jewanee has a wide-spread policy and practice of not paying overtime, Mr. Jewanee and his companies collectively violated 29 U.S.C. § 201, *et seq*.

71. Defendant Jewanee's violations of the FLSA were willful, thereby allowing a three-year statute of limitations period and liquidated damages.

72. Plaintiff Qureshi and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

73. Plaintiff Qureshi and members of the Plaintiff Class seek an amount of back-pay equaling the total unpaid overtime wages earned from the date they commenced employment for the Mr. Jewani until the date of judgment (or their last day of employment, if earlier).

74. Plaintiff Qureshi and members of the Plaintiff Class also seek an additional equal amount as liquidated damages, reasonable attorney's fees and costs under 29 U.S.C. § 216(b), and post-judgment interest at the highest rate allowed by law.

## IX.
## JURY DEMAND

75. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

# X.
# **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jamal Qureshi respectfully requests that upon final hearing, the Honorable Court grant Plaintiff and members of the Plaintiff Class, relief against the Defendants, as follows:

a. Authorize the issuance of notice to all of Defendants' similarly situated employees who were employed by Defendant Jewanee during the relevant period, informing them of their right to participate in this lawsuit;

b. Declare that Defendant Jewanee caused the Defendants to violate 29 U.S.C. § 207, by failing to pay Plaintiff, and members of the Plaintiff Class, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period;

c. Declare that these violations of the FLSA are willful, thereby extending the statute of limitations to three years, and allowing liquidated damages;

d. Order Defendant Jewanee and his companies to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to the unpaid overtime wages;

e. Order Defendant Jewanee and his companies to pay all reasonable attorneys' fees and costs as allowed under 29 U.S.C. §216(b);

f. Order Defendant Jewanee and his companies to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff and members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff
Jamal Qureshi**