# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **Jamal Qureshi; and** | ) | |
| **All Others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | **Civil Action** |
| | ) | **File No. 4:18-cv-00441** |
| **v.** | ) | |
| | ) | |
| **Sunny Jewanee; Cypresswood Fortune, Inc.;** | ) | |
| **Fallbrook Fortune, Inc.; Irvington Business,** | ) | **Jury Demanded** |
| **Inc.; Littleyork Enterprise, LLC; Louetta** | ) | |
| **Fortune, Inc.; South Post Oak Business,** | ) | |
| **L.L.C.; Suncroft Business, Inc.; and** | ) | |
| **Wallisville Enterprise, Inc.** | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

NOW COME Plaintiffs Jamal Qureshi; Juan Dedios Cardenas; Kevin Morris and Mirza Hyder Ali ("Plaintiffs"), and Defendants Sunny Jewanee; Cypresswood Fortune, Inc.; Fallbrook Fortune, Inc.; Irvington Business, Inc.; Littleyork Enterprise, LLC; Louetta Fortune, Inc.; South Post Oak Business, L.L.C.; Suncroft Business, Inc.; and Wallisville Enterprise, Inc. ("Defendants") (Plaintiffs and Defendants collectively referred to as the "Parties"), by and through their attorneys, and herein file their Joint Motion for Approval of FLSA Settlement. The Parties would respectfully show the Court as follows:

## I.

1.    On February 14, 2018, Plaintiff Jamal Qureshi filed this civil action against the Defendants. Mr. Qureshi claimed that the Defendants had violated the overtime provisions of the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*) ("FLSA").[1]  On April 27, 2018, the pleadings were amended to add Messers. Juan Dedios Cardenas and Kevin Morris as plaintiffs.[2]  On May

---

[1] Docket Entry No. 1.
[2] Docket Entry No. 9.

11, 2018, the pleadings were again amended to add Mr. Mirza Hyder Ali as plaintiff.[3]

2.      On January 24, 2019, the Parties conducted a rigorous and comprehensive full-day mediation with Mr. Alan Levin, lasting approximately twelve (12) hours and resulting in settlement of each Plaintiff's FLSA claims.

3.      The Parties' executed Confidential Settlement and Mutual Release Agreement ("the Settlement Agreement") is attached hereto as **<u>Exhibit A</u>**, and filed under seal.  In exchange for each Plaintiff's respective settlement payment, each Plaintiff agreed to release all FLSA claims against the Defendants.  Prior to each Plaintiff's decision to release his FLSA claims (including unpaid overtime and minimum wage claims, as applicable), it was explained to each Plaintiff that the respective settlement amount would be tendered by the Defendants in exchange for release of his respective FLSA claims, that the instant lawsuit would be dismissed pending the Court's approval, and that the terms of the settlement are confidential and not to be discussed with anyone, including employees of the Defendants.

4.      Also attached under seal is **<u>Exhibit B</u>**, Plaintiffs' counsel's sworn declaration detailing the attorney's fees and costs incurred on behalf of the Plaintiffs, and an explanation of the reduced amount of fees and costs counsel agreed to receive in order to encourage the settlement at mediation. Further, attached under seal as part of Exhibit B is an analysis of damages each Plaintiff agreed to receive at the conclusion of negotiations.  At mediation, the Parties engaged in a careful analysis of (i) each Plaintiff's claims, (ii) the individual defenses asserted by the Defendants against each Plaintiff, and (iii) the global defenses asserted by the Defendants against Plaintiffs collectively. As a result, the Parties reached a compromise and settlement of Plaintiffs' FLSA claims, which each Plaintiff was explained and which each Plaintiff understood.

---

[3] Docket Entry No. 11.

## II.

5.      Because Plaintiffs' action and claims arise under the FLSA, the Settlement Agreement of the Parties must be approved by the Honorable Court in order for the claims to be settled and released.[4]

6.      The proposed settlement arises out of an action brought by Plaintiffs against their alleged former employers, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

7.      The Parties agree that this civil action involves disputed issues, including whether (i) Defendants are liable under the FLSA for unpaid overtime wages to each Plaintiff, (ii) whether Defendants are liable under the FLSA for unpaid minimum wages to Plaintiffs Cardenas and Morris, (iii) whether Defendants were each Plaintiff's "employer" or "joint employer" under the FLSA, (iv) the amount of compensation due to each Plaintiff, if any, (v) whether liquidated damages are recoverable and (vi) the amount of attorney's fees and costs of litigation that are recoverable.  The Parties further agree that the settlement negotiated and reached by them reflects a reasonable compromise of the disputed issues.  Plaintiffs and their counsel discussed, among other things, the alleged overtime hours and pay rate and whether the Defendants were each Plaintiff's "employer" or a "joint employer" under the FLSA, and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations and other pertinent risk factors. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. Finally, the Parties were

---

[4] There are two ways in which claims under the FLSA can be settled and released by employees.  First, Section 216(c) of the FLSA allows employees to settle and waive their claims if payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* § 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court approves it.  *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F. 2d 960, 961 (5th Cir. 1947).

counseled and represented by their respective attorneys throughout the litigation and settlement process.

8.      The Parties acknowledge and represent the following to the Court:  (i) they have thoroughly and carefully read the Settlement Agreement in its entirety; (ii) they have reviewed the Settlement Agreement with their respective attorneys; (iii) they have had a reasonable and adequate time to consider its terms; (iv) they are informed and understand the meaning and effect of the Settlement Agreement; (v) they are knowingly and voluntarily entering into the Settlement Agreement; (vi) the Settlement Agreement is fair, adequate, and reasonable; (vii) the Settlement Agreement is in the best interests of the Plaintiffs as it enables Plaintiffs to recover alleged unpaid wages without the necessity or delay of trial and possible appeals; (viii) the Settlement Agreement constitutes fair and equitable compensation for each Plaintiff's alleged unpaid overtime claim (and Messrs. Cardenas and Morris' minimum wage claim) and was reached in arms-length negotiations between experienced attorneys after substantial factual investigation and legal analysis in order to settle and resolve bona fide disputes between the parties; and (ix) the Settlement Agreement has been entered into without collusion between the Parties.

9.      Each Plaintiff further acknowledges and represents that the settlement payment paid under the Settlement Agreement by the Defendants constitutes payment in full of all amounts allegedly due to each Plaintiff from Defendants for any unpaid overtime compensation (and allegedly due to Messrs. Cardenas and Morris' for any unpaid minimum wages), liquidated damages for unpaid overtime, attorney's fees, costs, and expenses.

10.     The parties further represent that the amount of attorney's fees under the Settlement Agreement is fair and reasonable. During mediation, in order to place higher priority to Plaintiffs' settlement goals versus recovery of Plaintiffs' attorney's fees from the Defendants, Plaintiffs' counsel did not negotiate and settle the amount for attorney's fees until after each Plaintiff settled

his respective claim with the Defendants to his satisfaction. The attorney's fees were negotiated separately, and are separate from and not included in, Plaintiffs' settlement amounts.

In light of the foregoing, the Parties respectfully request that the Court enter an order approving the Settlement Agreement. The Parties are simultaneously filing with this Motion a Joint Stipulation of Full and Final Dismissal with Prejudice and Order, and respectfully ask the Court to dismiss this case with prejudice.

Respectfully submitted,

**Ali S. Ahmed, P.C.**

By: *   /s/ Salar Ali Ahmed   *
Salar Ali Ahmed
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy, Ste 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

**Attorney-in-Charge for Plaintiffs**

**William F. Harmeyer & Associates, P.C.**

By: *   /s/ William F. Harmeyer   *
William F. Harmeyer
State Bar No. 09019000
7322 Southwest Freeway, Suite 510
Houston, Texas 77074
Telephone: (713) 270-5552
Facsimile: (713) 270-7128
Email: wharmeyer@harmeyerlaw.com

**Attorney-in-Charge for Defendants**

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to Defendants' counsel on February 13, 2019, in the following manner:

*(Via ECF system of the District Court for the Southern District of Texas)*
William F. Harmeyer
7322 Southwest Freeway, Suite 510
Houston, Texas 77074

*/s/ Salar Ali Ahmed*
**Salar Ali Ahmed**